ON application of the Attorney General. Rule to show cause why leave should not be given by the court to file an information against Gideon E. Rothwell, for usurping the office of a commissioner of roads, for Appoquinimink hundred.
The motion was founded on an affidavit of Samuel Townsend, jr., stating "that the terms of office of Lambert Melvin and Abraham Bratten, late road commissioners of Appoquinimink hundred, expired on the first Tuesday of October last, and on that day, at an, election held in said hundred, James Harris was elected a road commissioner of said hundred, for the term of four years; and that there was a failure to elect a second road commissioner as required by law, in consequence of Albert E. Deakyne and Gideon E. Rothwell having each received an equal number of votes; that William Wilson was elected a road commissioner of said hundred on the first Monday of October, 1848, for the term of four years, and still continues in said office; that James Harris was duly sworn before entering into the office; that after he was so qualified, William Wilson appointed Gideon E. Rothwell a road commissioner of said hundred, without lawful authority; and the said Rothwell has since usurped the office of said road commissioner, by acting as if legally elected, particularly by signing on the 2d of November instant, as road commissioner, *Page 313 
a certificate that a certain new road leading from Barlow's bridge to Blackbird, had been duly opened and was completed for public use. At the hearing,
Mr. Bayard stated the question to be whether Mr. Wilson had the power to appoint a road commissioner at the time he appointed William Rothwell, for four years, to fill the vacancy occasioned by the tie vote at the late election. The appointment was verbal. (Digest, 475; 8 vol., 169.) The provision authorizing surviving commissioners to fill a vacancy has no reference to vacancies arising from failure to elect. It has reference to a vacancy in the term, not in the office. It is like the case of a failure to elect a Senator. That is not a vacancy which the Governor may fill. The case of a vacancy arising from a failure to elect, is not provided for.
2. If this be a vacancy such as can be filled by appointment, when does the vacancy happen? At the moment the vacancy occurred, one other commissioner was elected, and he was entitled to join the commissioner who held over in filling the vacancy arising from the failure to elect two. Wilson, therefore, never had the power to act alone.
3. There can be no appointment, unless in writing. There must be a certificate of the appointment.
Mr. Platt, contra, contended that the act of assembly applied to all cases of vacancies, however occurring.
Mr. Rodney. — Rothwell was verbally appointed by the holding over commissioner, on the night of the election day, before the new commissioner elect was qualified.
1. The act provides for every case of vacancy, or it would have given a casting vote, as is done in the election of assessors and inspectors, at the same election. (Digest, 171.) "Whenever a vacancy or vacancies shall occur:" — not merely a vacancy in the term, but any vacancy in the office.
2. If the surviving commissioner had the power to appoint, was the appointment duly made? The law makes provision for a case of failure to elect one or both commissioners. At the time this appointment was made, there was only one commissioner in office. The commissioner elect was not qualified, and had not taken upon him the office. Neither was he a surviving commissioner. His official life had not yet commenced. He was elected, but not yet qualified. *Page 314 
3. The act does not require the appointment to be in writing. The appointment was publicly made, and is susceptible of proof.
Mr. Bayard, in reply. — The necessity of an appointment in writing, arises from this consideration. An office is a franchise, and a franchise can exist only by grant or prescription; and therefore necessarily requires writing. And the uncertainty of a verbal appointment to a public office would lead to mischiefs, which would be very dangerous. Section 8 shows that the legislature made a distinction between a vacancy, and an omission to elect.
The Court granted leave to file the information; and expressed the opinion, as desired, that the appointment of Rothwell was void, because not in writing.